IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JAMAR LELAND,

    Plaintiff,

vs.                            Case No. 4:07cv20-RH/WCS

JOHN VOUGHT and
HAROLD BATTLES,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

This is a civil rights complaint filed *pro se* pursuant to 42 U.S.C. § 1983 by Jamar Leland. Doc. 27 (amended complaint). Defendants' special report, construed as a motion for summary judgment, is pending. Doc. 63. Plaintiff has filed a response. Doc. 78. The motion for summary judgment is ready for ruling.

**Allegations of the amended complaint, doc. 27**

Plaintiff was a prisoner at the Leon County Jail when he filed this suit. He sues two officers at the Jail. Plaintiff alleges that Defendants used excessive force against him when he was taken to the infirmary for health care. Plaintiff seeks only monetary damages as relief.

Plaintiff alleges that on May 3, 2006, he filled out a request to be seen in sick call due to a "very severe ear ache."  Doc. 17, p. 7; p. 7 on ECF, the electronic case filing docket.  The pain was worse on May 5, 2006, and his face on the left side began to swell.  *Id.*  He complained to Officer Bell, who contacted the medical department and was told that Plaintiff could not be seen until the following week.  *Id.*  Plaintiff then started sweating badly and had chest pains after dinner, and was taken to the medical department.  *Id.*

Plaintiff asserts that when he was seen by Nurse Henry, Nurse Henry asked if he had been whistling down the hallway.  *Id.*  Plaintiff said no, that this was not relevant to his complaints of chest pain.  *Id.*  Plaintiff asserts that Henry became very angry.  *Id.*  He asserts that he and Henry then exchanged angry words.  *Id.*, second p. 7; p. 8 on ECF.  Henry called for assistance.  *Id.*  Officers Vought and Battles, Defendants here, arrived.  *Id.*  Plaintiff had been transported to the medical department in handcuffs and was still in handcuffs.  Plaintiff alleges that Vought and Battles threw him into the holding cell head first, and Battles punched him in the head.  *Id.*, second and third p. 7; pp. 8-9 on ECF.  Plaintiff alleges he was bruised and cut.  *Id.*  He was then admitted into the medical department for his ear infection.  *Id.*

**Legal standards governing a motion for summary judgment**

On a motion for summary judgment Defendants initially have the burden to demonstrate an absence of evidence to support the nonmoving party's case.  <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986).  If they do so, the burden shifts to the Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact for trial.  *Id.*  Plaintiff must show

more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted). However, "the evidence and inferences drawn from the evidence are viewed in the light most favorable to the nonmoving party, and all reasonable doubts are resolved in his favor." WSB-TV v. Lee, 842 F.2d 1266, 1270 (11th Cir. 1988); Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999) ("We are required to resolve all reasonable inferences and facts in a light most favorable to the nonmoving party.").

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

**Rule 56(e) evidence**

In his affidavit, Officer Vought states that when he arrived at the infirmary, Plaintiff was screaming and cursing the nurse because he wanted her to "address his complaint of ear pain." Doc. 63, Affidavit of Vought, ¶ 2; doc. 63-2 on ECF, ¶ 2. Vought said that Sergeant Carroll could not immediately come to the scene to deal with Plaintiff's refusal to obey orders, so he and Officer Battles had to place Plaintiff in the holding cell. *Id.*, ¶¶ 3-5. He avers that he commanded Plaintiff to enter the cell but he refused, so he and Battles "escorted" Plaintiff by the arms into the cell. *Id.*, ¶ 5. He states: "No additional force was necessary to place inmate Leland in the holding cell." *Id.* Officer Vought states that Plaintiff was not injured and did not complain to him of injury. *Id.*, ¶ 6. Officer Battles concurs with this description of the incident. Doc. 63, Affidavit of Battles; doc. 63-3, ¶¶ 1-6.

Sergeant Carroll avers that when he was told that Plaintiff, a high risk inmate, was refusing to comply with orders, he told Officer Vought to place Plaintiff into the holding cell in the infirmary area until he could come to the scene. Doc. 63, Affidavit of Carroll; doc. 63-4 on ECF, ¶ 4. He states that when he arrived at the infirmary, Plaintiff was cursing Vought and Battles and accusing them of "battering" him. *Id.*, ¶ 5. Carroll states he immediately took Plaintiff to the infirmary where he was examined by a nurse. *Id.* He states that there was no sign of injury. *Id.* At some point during this time, Plaintiff looked at Carroll and said with a smile, "See you in Court." *Id.*, ¶ 6.

Colleen Meringolo is the Health Services Administrator at the Leon County Jail. Doc. 63, Affidavit of Meringolo; doc. 63-5 on ECF, ¶ 1. Attached to her affidavit are Plaintiff's medical records for the date in question, May 5, 2006. *Id.*, ¶ 2. The first entry

is at 1956 hours. Doc. 63-5, p. 3. The nurse noted that Plaintiff was whistling down the hall, complained of something in his ear with chest pain, and "became aggressive with charge nurse." *Id.* He was removed by two officers. *Id.* The second entry is at 2130 hours. *Id.*, p. 4. Plaintiff complained of being hit in the head by officers and that his ankles were injured. *Id.* The nurse noted that the right side and rear of Plaintiff's head was without edema, bleeding, or leakage of fluid, and was without headache or discomfort. *Id.* Plaintiff's left ankle was without marks, swelling, cuts or drainage. *Id.* The nurse noted that a light was used during this examination. *Id.* Plaintiff could walk without any assistance or discomfort. *Id.*

Plaintiff states under penalty of perjury that he was in body restraints. Doc. 78, p. 2; p. 2. He avers:

> Once at the cell Office Battles opened the door[,] held it with his foot and said "on the count of (3) to Officer J. Vought. After the count both officers pulled Plaintiff back-up and threw him inside the holding cell head first[.] Once Defendant Battles Released Plaintiff he punched Plaintiff in the back of the head full force.

*Id.*, pp. 2-3. Plaintiff presents no evidence that he suffered any injury.

**Legal analysis**

Plaintiff was a pretrial detainee at the time of the incident. Therefore, his claim is analyzed as a due process claim rather than an Eighth Amendment claim. Lumley v. City of Dade City, Fla., 327 F.3d 1186, 1196 (11th Cir. 2003). The Eighth Amendment excessive force standard, however, is the same as the due process standard for pretrial detainees. Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996); Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005).

An Eighth Amendment claim that excessive and unnecessary force was used by correctional officers requires a showing of "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). Relevant to the inquiry will be "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Id. at 320; see e.g., Williams v. Burton, 943 F.2d 1572, 1575 (11th Cir. 1991). The court should take a deferential view, "balancing the prisoner's Eighth Amendment rights with the competing institutional concerns for the safety of prison staff and inmates." Williams, 943 F.2d at 1575.

> Discussing this heightened specific-intent requirement in *Whitley*, the Supreme Court reiterated that *force does not violate the Eighth Amendment merely because it is unreasonable or unnecessary*: "The infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." 475 U.S. at 319, 106 S.Ct. 1078. Reviewing the force used to quell a prison riot in *Whitley*, the Court explained that "whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " *Id.* at 320-21, 106 S.Ct. 1078 (quoting *Johnson*, 481 F.2d at 1033).

Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999) (emphasis added).

"The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Hudson v. McMillian, 503 U.S. 1, 7, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). "[T]he Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force, *provided that the use of force is not of a sort 'repugnant to the conscience of mankind.*' "

Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997) (emphasis added), *quoting* Hudson, 503 U.S. at 10, 112 S. Ct. at 1000 (considering the "physical injury" requirement of the PLRA). Further, "the injury must be more than *de minimus*, but need not be significant." Siglar, 112 F.3d at 193. "[T]he type of punishment, rather than some arbitrary quantity of injury, may be relevant for Eighth Amendment Claims." Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996), *cert. denied* 520 U.S. 1257 (1997). *See also* United States v. LaVallee, 439 F.3d 670, 687-688 (10th Cir. 2006) (rejecting the notion that "*de minimis* injury can serve as conclusive evidence that *de minimis* force was used").

With respect to the "injury" issue in excessive force cases, the Court in Hudson said:

> In the excessive force context, *society's expectations are different* [from society's expectations as to the level of conditions-of-confinement and medical care for prisoners]. *When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. See Whitley,*[1] supra, 475 U.S., at 327, 106 S.Ct., at 1088. *This is true whether or not significant injury is evident.* Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today. *See Estelle*,[2] supra, 429 U.S., at 102, 97 S.Ct., at 290 (proscribing torture and barbarous punishment was "the primary concern of the drafters" of the Eighth Amendment); *Wilkerson v. Utah*, 99 U.S. 130, 136, 25 L.Ed. 345 (1879) ("[I]t is safe to affirm that punishments of torture ... and all others in the same line of unnecessary cruelty, are forbidden by [the Eighth Amendment]").
>
> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d, at 1033 ("Not every push or shove, even if it may later seem unnecessary in the

---

[1] Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

[2] Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

> peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort " 'repugnant to the conscience of mankind.' " *Whitley*, 475 U.S., at 327, 106 S.Ct., at 1088 (quoting *Estelle*, supra, 429 U.S., at 106, 97 S.Ct., at 292) (internal quotation marks omitted).

503 U.S. at 9-10, 112 S.Ct. at 1000 (emphasis added).

In Harris v. Chapman, 97 F.3d at 505, Harris, a Rastafarian, was ordered to submit to a haircut. Harris resisted and the "officers as a group . . . kicked and beat him," restrained his neck with a towel, snapped his head back with the towel, and twice hit him with an open fist. *Id.*, at 502. There was evidence that Harris had a history of lower back pain, and he testified that he suffered pain from the use of force. *Id.*, at 504. The Eleventh Circuit found that while it was "a very close case," this was more than a *de minimis* injury and was sufficient to sustain an Eighth Amendment excessive force claim. *Id.*, at 506.

In Siglar v. Hightower, a Fifth Circuit case, officers found a biscuit in the plaintiff's pocket. 112 F.3d at 192. A backup officer then "verbally" abused the plaintiff, twisted his arm behind his back, and twisted his ear. *Id.* The prisoner's ear was bruised and sore for three days, but the plaintiff did not seek or receive medical treatment. *Id.* The court held that this did not violate the Eighth Amendment because the injury was only *de minimis*.

In contrast, in Gomez v. Chandler, 163 F.3d 921 (5th Cir. 1999),[3] the prisoner had handcuffs behind his back and asserted that he offered no resistence. 163 F.3d at 925, n. 5. There was evidence that he was

> knocked down so his head struck the concrete floor, his face was then scraped against the floor, he was repeatedly punched in the face by two officers using their fists for about five minutes and then a third officer kicked Gomez in the face and head . . . .

*Id.*, at 924-925. He suffered cuts, scrapes, and contusions of the face, head, and body. *Id.*, at 925. The court held these injuries to be more than *de minimis*.

A similar case is Skrtich v. Thornton, 280 F.3d 1295 (11th Cir.(Fla.) Jan 29, 2002). In that case, officers entered the prisoner's cell and, due his past extreme history of violence and his refusal to submit to being handcuffed, knocked him to the floor with an "electronic shield." 280 F.3d at 1299. Once on the floor and subdued, the officers repeatedly kicked him in the back, ribs, and side, and struck him with fists. *Id.*, at 1300. The prisoner was injured and had to be airlifted by helicopter to a hospital for treatment. *Id.* The court held:

> While Skrtich's history may have warranted extra precautions in performing the cell extraction, the evidence, viewed in the light most favorable to Skrtich, is that once he was shocked with the shield, he was incapacitated. It is not constitutionally permissible for officers to administer a beating as punishment for a prisoner's past misconduct.

*Id.* at 1302. The court also held that the prisoner's injuries were not *de minimis*. *Id.*

Plaintiff presents evidence that he was "thrown" head first into the holding cell, but that is little different from the evidence provided by Officers Vought and Battles.

---

[3] In Gomez v. Chandler, the court acknowledged that it was possible that "if the force used is of the kind 'repugnant to the conscience of mankind,' " there might be a violation of the Eighth Amendment even though the injury was only *de minimis*. 163 F.3d at 924, n. 4.

They agree that they used force to put Plaintiff into the holding cell.  Plaintiff presents no evidence that he hit his head when placed into the cell head first.  Plaintiff admits in his complaint that he and the nurse were shouting at each other, and this was sufficient reason for Defendants to forcefully place Plaintiff into the holding cell.  Defendants are entitled to summary judgment as to these facts.

Plaintiff has also presented sworn evidence that while handcuffed and in the cell, Officer Battles "punched Plaintiff in the back of the head full force."  Assuming the truth of the averment as the court must at this stage of the case,[4] a punch to the back of the head of a handcuffed prisoner was plainly not needed to restore order.  Plaintiff was in the holding cell in handcuffs.  He had not just assaulted an officer, and the punch was not a spontaneous reaction to violence from Plaintiff.  He was not yelling and causing a disturbance at that time.  The Skrtich case clearly said that "[i]t is not constitutionally permissible for officers to administer a beating as punishment for a prisoner's past misconduct."  A single full force punch is not a beating as occurred in Skrtich, but a full force punch thrown while the prisoner is handcuffed and in the cell subdued can only have been for the purpose of maliciously causing punishment and pain.   Further, while "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights," a full force punch to the back of the head is not a push or a shove.  Summary judgment should be denied with respect to Officer Battles.

---

[4] Stated another way, there is a genuine dispute of material fact precluding summary judgment in favor of Officer Battles.

Case No. 4:07cv20-RH/WCS

Skrtich also held that it is not necessary that an officer actually participate in the use of excessive force to be liable, but it is necessary that there be evidence that the officer was present at the scene and failed to protect the victim from another officer's use of excessive force.  280 F.3d at 1302, *quoting*, Fundiller v. City of Cooper City, 777 F.2d 1436, 1441-1442 (11th Cir.1985).  There must be some causal connection between the excessive force of another officer and the actions or inactions of a defendant.  *See*, Valdes v. Crosby, 450 F.3d 1231, 1236-1237 (11th Cir. 2006), *cert. dismissed*, 127 S.Ct. 2028 (2007).  There is no evidence that Officer Vought could have stopped Officer Battles from punching Plaintiff.  Summary judgment should be granted in favor of Defendant Vought.

Defendant Battles does not have the defense of qualified immunity.  "By 1998, our precedent clearly established that government officials may not use gratuitous force against a prisoner who has been already subdued or, as in this case, incapacitated." Skrtich, 280 F.3d at 1303 (rejecting the defense of qualified immunity in that case).

Nor may Defendant Battles succeed in his argument that punitive damages may not be claimed.  Punitive damages are available where a claimant proves "evil intent." H.C. by Hewett v. Jarrard, 786 F.2d 1080 (11th Cir. 1986), *citing*, Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).  Since there is a genuine dispute of material fact as to whether Defendant punched Plaintiff under circumstances from which a jury might conclude a malicious intent to punish, the element for punitive damages is also in dispute.

**Conclusion**

Accordingly, it is **RECOMMENDED** that Defendants' motion for summary judgment, doc. 63, be **GRANTED** as to Defendant Vought and Battles as to the claim that excessive force was used in placing or throwing Plaintiff into the holding cell, **GRANTED** as to Defendant Vought as to the punch in the head claim, but **DENIED** with respect to Defendant Battles as to the punch in the head claim.

**IN CHAMBERS** at Tallahassee, Florida, on September 11, 2008.


                                           s/    William C. Sherrill, Jr.
                                           **WILLIAM C. SHERRILL, JR.**
                                           **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**